## CITY OF JAMESTOWN v. PENNSYLVANIA GAS CO. et al.

(District Court, W. D. New York.    April 2, 1920.)

1. **Courts ⬦⬦266—Discontinuance of gas supply restrained temporarily, though affecting property outside state.**

     In a suit to restrain a gas company from discontinuing the furnishing of gas to a city in violation of its duties under a franchise, the court may grant a temporary injunction restraining the company from stopping the flow of natural gas into the city and to its inhabitants, though it will, to a certain extent, affect property in another state, where the company's gas fields are located.

2. **Corporations ⬦⬦657(1)—Persons contracting with foreign corporations are ordinarily bound by charter powers.**

     The home of a corporation is in the state of its creation, and generally, when it engages in business in another state, those entering into contracts with knowledge of the limitations imposed by its charter do so subject thereto.

3. **Injunction ⬦⬦137(2)—Burdens imposed not ground for denying temporary injunction.**

     A temporary injunction, restraining a gas company from discontinuing the furnishing of gas to a city and its inhabitants in violation of its franchise duties, will not be denied on the ground that it will be required

to build new gas wells, keep a large compressing station in continuous operation, and perform other services to produce the required supply of gas, as this is what it contracted to do.

4. **Injunction** ⊂⊃137(1)—**Duties of gas company to other cities not ground for denying temporary injunction against discontinuance of service.**

A temporary injunction, restraining a gas company from discontinuing furnishing gas to a city and its inhabitants, will not be denied on the ground that by its charter it is primarily required to supply gas to certain other cities, where the bill alleges that a corporation owning a majority of the gas company's stock is influencing the discontinuance of the supply, to enable it to supply more favored localities, and that it owns gas fields adequate for supplying gas in needed quantities, as these are questions of fact, to be disposed of on final hearing.

In Equity. Suit by the City of Jamestown against the Pennsylvania Gas Company and another. On application for an injunction pendente lite. Injunction granted.

Thrasher & Clapp, of Jamestown, N. Y., for complainant.

Dean, Edson & Jackson, of Jamestown, N. Y., for defendant Pennsylvania Gas Co.

Mullin & Woods, of Kane, Pa., for defendant National Fuel Gas Co.

HAZEL, District Judge. This motion is on the prayer of the bill to enjoin the defendants pendente lite from cutting off the supply of natural gas to the city of Jamestown and its inhabitants. The nature of this action is fully explained in a former opinion of this court on the motion of the defendants to dismiss the complaint for want of equity and on other grounds. 263 Fed. 437.

[1] The defendant Pennsylvania Gas Company, at the hearing, consented that it be restrained from taking up the pipes or mains extending from the New York and Pennsylvania state line to consumers in Jamestown, and from dismantling its plant there, and from doing or permitting an act "within the jurisdiction of this court," which may or will result in a cessation or diminution or interference with the natural gas service to the city and its inhabitants. To such proposed order the complainant objected that the defendants should be enjoined from refusing to carry on a natural gas service in Jamestown and from cutting off the supply without the inclusion of any limitations. Fears were expressed that the proposed order would not prevent the doing of an act by the defendants in the state of Pennsylvania, where the gas fields are located, to discontinue the flow of gas to the complainant.

The defendants then rejoined that this court was without power to enforce its decree beyond its territorial limits, and cited Northern Indiana Railway Co. v. Michigan Central Railroad Co., 15 How. 233, 14 L. Ed. 674, and Mississippi & Missouri Railroad Co. v. Ward, 2 Black, 485, 17 L. Ed. 311, to sustain their contention. But these cases, and other cases found in the brief of the defendants, in my opinion, are not in point, since, in the main, they related to subject-matters which were local in the sense that they concerned property outside the jurisdiction of the court, as, for example, actions for tres-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pass, waste, nuisance, or the recovery of the possession of land. In this case the complainant does not seek to directly affect the property of the defendants in the state of Pennsylvania, but pursues its remedy in personam to protect contractual rights from threatened irreparable injury. True enough, property outside the jurisdiction, to a certain extent, is not entirely unaffected; but the defendants are properly before the court, they having appeared generally, and, since the principal object of the bill is to restrain injurious action respecting franchise rights, the court, under the circumstances, has power to maintain the status quo until the rights of the parties are finally determined.

In Vineyard Land & Stock Co. v. Twin Falls, 245 Fed. 9, 157 C. C. A. 305, it was decided that, though the res may not be affected by direct operation of the decree, where it is beyond the jurisdiction of the court, yet, when the court acts in personam, it may coerce action respecting such property. A similar principle was applied in Rickey Land & Cattle Co. v. Miller & Lux, 152 Fed. 11, 81 C. C. A. 207. In Phelps v. McDonald, 99 U. S. 298, 25 L. Ed. 473, an action brought by an assignee in bankruptcy to recover property of the bankrupt located outside of the territorial jurisdiction of the court, the Supreme Court said:

"Where the necessary parties are before a court of equity, it is immaterial that the res of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary according to the lex loci rei sitæ, which he could do voluntarily, to give full effect to the decree against him."

And in Cole v. Cunningham, 133 U. S. 107, 10 Sup. Ct. 269, 33 L. Ed. 538, a citizen of Massachusetts sought to enjoin the defendant, who resided there, from prosecuting an attachment in the state of New York involving the property of the plaintiff, and the court held that, since the action was in personam, and jurisdiction over the person of the defendants had been acquired, it could enforce its decree and enjoin acts outside of its jurisdiction. Hence, I am quite well satisfied that the principle of those cases applies to the present situation.

[2] It is true that the home of the corporation is in the state of its creation, and generally, when it engages in business in another state, those entering into contracts with knowledge of the limitations imposed by its charter do so subject thereto. But, even if this rule applies to the impairment of franchise rights it does not follow that this court is without jurisdiction to apply the law of the state to which the defendant corporation is directly responsible for its existence. It cannot be the law, as contended, that the settlement of questions of the character presented by the bill and this motion are purely for the determination of the tribunals of the state of Pennsylvania or that the rights of the complainant, under rules of comity, should be left to such courts. It is therefore beyond serious question that the relief to which the city of Jamestown is entitled pendente lite (the moving papers concededly showing grounds therefor) is an order restraining the stoppage of the flow of natural gas into the city and to its inhabitants, and, furthermore, from doing any act which would interfere therewith.

[3] It is, however earnestly objected that to obey such an order the defendant would be required to build new gas wells in the state of Pennsylvania, keep a large compressing station in continuous operation, and perform other services to produce the required supply of gas. But surely this is the very thing that the defendant Pennsylvania Gas Company more than 30 years ago, contracted with the city of Jamestown to do. The contention is not any stronger or different than is advanced in numerous contract cases wherein the court is called upon to restrain threatened irreparable injury to another party in interest. Of course, if the supply of natural gas is no longer available, or cannot be drilled or produced because of exhaustion, a different question would be presented.

[4] It is next urged that the Pennsylvania Gas Company, under its charter from the state of Pennsylvania (section 10 of the Natural Gas Law [Act May 29, 1885 (P. L. 33)]), is primarily required to supply gas to the cities of Erie, Corry, and Warren, and within its allotted district, and supplying Jamestown, too, deprives those cities of gas, or causes a diminution, which its charter specifically forbids. In this connection, however, it should not be overlooked that the bill avers that the National Fuel Gas Company is now the owner of a majority of the capital stock of the Pennsylvania Gas Company and that it influences the discontinuance of the supply of gas to Jamestown so as to enable supplying more favored localities, and that such defendant owns gas fields adjoining those of the Pennsylvania Gas Company, which are claimed to be adequate for supplying gas in needed quantities. These are questions of fact that must be tried and disposed of at the final hearing.

Defendants show by affidavit that, though the Pennsylvania Gas Company is producing natural gas, it has failed to fulfill its charter obligations, and the question of curtailment of its operations is now under investigation by the Public Service Commission of the state of Pennsylvania; it being claimed that the cities of Erie, Corry, and Warren are entitled to gas from the defendant ahead of Jamestown or other localities outside of its charter district. But with such difficulties we are not now particularly concerned, in view of the averments of the bill and supporting affidavits. The defendants are at liberty to apply to this court for relief or modification of the restraining order, whenever their interests are jeopardized by conflicting decisions relating to the supply of gas, or when it becomes impossible, because of exhausted gas fields, or from other causes, to longer continue to supply the complainant.

The injunction order pendente lite, submitted by complainant, will issue.